IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEAN B. VASQUEZ,

        Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation;

        Defendant.

8:16CV521

MEMORANDUM AND ORDER

This matter is before the court on the parties' motions in limine, Filing Nos. 92, 94, and 106 and on the plaintiff's motion to strike defendant Union Pacific Railroad Co.'s ("the Railroad's") third supplemental expert witness disclosures, Filing No. 103. This is an action to recover damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. The matter is set for trial on August 6, 2018. The Railroad has admitted liability and the issue for resolution is the nature and extent of the plaintiff's damages.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on

the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996). With those principles in mind, the court finds as follows:

**I.  Defendant's Motions in Limine (Filing Nos. 92 and 106)**

<u>Motions in Limine Nos. 1 & 2:</u>  The Railroad seeks to preclude any reference to this as a "compensation" case and any reference that plaintiff is not eligible to recover workers' compensation benefits or retirement benefits.

The Railroad contends that a FELA plaintiff is not entitled to workers' compensation and mentioning it to the jury would be misleading, irrelevant, and confusing to the actual issues in this case because under the FELA, a plaintiff is only entitled to recover for negligence by proving duty, breach of duty, causation and damages, whereas workers' compensation, on the other hand, is a strict liability scheme where a plaintiff is automatically entitled to recover if the plaintiff is injured in the course and scope of employment. The court is inclined to agree that workers' compensation should not be referred to at the trial. The plaintiff's eligibility for workmen's compensation or ability to file claims under alternative theories of recovery is irrelevant to the factual issues in dispute for the jury. *See Stillman v. Norfolk & W. Ry. Co.*, 811

F.2d 834, 838 (4th Cir. 1987); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 353–55 (6th Cir. 2002). Advising the jury about whether or not the plaintiff is entitled to receive workers' compensation benefits is likely to confuse the jury. Such information would likely be used improperly by the jury and would cause the defendant undue prejudice. Accordingly, the court finds the defendant's motion in limine should be granted.

Motion in Limine No. 3: The Railroad seeks to preclude any request that the jury award plaintiff's gross wage loss, since plaintiff's net wage loss is the only appropriate measure of damages in a FELA case, and any reference to federal income tax on an award in a FELA case. In response, the plaintiff states he will make claim for past net wage loss and future wage loss, each calculated net of tax, and the future award discounted to present value. The plaintiff agrees to an instruction to federal income tax consequences, if requested by the Railroad. It thus appears the motion is moot.

Motion in Limine No. 4: The Railroad seeks to preclude any reference or argument regarding the congressional intent or purpose of the FELA. The plaintiff confesses this motion and it will be granted.

Motion in Limine No. 5: The Railroad seeks to preclude any reference comparing the financial disparity between the parties, that Union Pacific is "the largest railroad company in North America," or punitive or exemplary damages and suggesting that a message should be sent to Union Pacific. The plaintiff confesses this motion and it will be granted.

Motion in Limine No. 6: The Railroad seeks to preclude any reference to Union Pacific documents or materials that were not produced to counsel for defendant in this

case, specifically, the use of Railroad documents from other cases. The plaintiff states it will only use such documents for impeachment.

The court is not inclined to admit documents not produced in connection with this litigation. Depending on the circumstances, the evidence could be relevant in rebuttal. Without seeing the evidence, the court is unable to determine the admissibility of any such documents. The court will sustain the Railroad's motion at this time, without prejudice to reassertion outside the presence of the jury at trial.

Motion in Limine No. 7:  The Railroad seeks to preclude any reference to Federal Railroad Administration ("FRA") accident reports or statistics. It challenges plaintiff's Exhibit ("Ex.") 60 in particular. Exhibit 60 is a compilation by the FRA of a number of train accidents that have occurred all over the United States. The Railroad contends the probative value of the evidence is outweighed by prejudice because there is not showing of similarity in incidents. Further, it argues  FRA action reports are privileged and federal law prohibits them from being used for any purpose in litigation, citing 49 U.S.C. § 20903; 49 CFR 225.7. It contends the FRA has such a prohibition because it encourages railroads to file reports. The Railroad also challenges the plaintiff's use of statistics as misleading, contending that the showing of 1,814 train accidents can be reduced to four, including this case, when limited to rear-end collisions with human factor involvement similar to the facts of this case. In response, the plaintiff argues that the compilation report is not privileged and excludable under federal law because this action is not a matter mentioned in the report since it occurred outside the time-parameters of the report. He also argues that the information is relevant to Dr. Terry

Davis's testimony on the issue of the plaintiff's fear of returning to work because of another potential collision.

Setting aside the privilege issue, the court is inclined to find that such broad evidence is inadmissible under Federal Rule of Evidence 403. Potential prejudice outweighs probative value in light of the dissimilarity of the incidents to the accident at issue. The court is unable to evaluate the relevance of the challenged evidence in the context of this motion. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Rule 403. Such evidence can be admitted, if at all, only on a strong showing of similarity to the incident at issue and generally only with a limiting instruction, the ambit of which the court cannot determine at this time. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be granted at this time, but will revisit the issue at trial, if necessary, on a strong showing of relevance to the issues in the case.

Motion in Limine No. 8: The Railroad seeks to preclude any reference to the timing of the filing of its amended answer to plaintiff's complaint, admitting negligence for the incident at issue. It argues that the timing of the Railroad's admission of liability is inappropriate, irrelevant, and unduly prejudicial. The plaintiff argues that the information is relevant to the testimony of expert witness Dr. Terry Davis as a cause or exacerbation of the plaintiff's injuries from "litigation stress." Again, the court is unable to evaluate the

relevance of the challenged evidence. The evidence could be admissible in rebuttal. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Federal Rule of Evidence 403. The court is inclined to believe the timing of the Railroad's admission of liability, occurring several months after the plaintiff was deposed, is reasonable in this sort of litigation. Whether it is relevant in the context of the "litigation stress" issue can be determined at trial. Generally, it would ordinarily be admissible only in rebuttal. Accordingly, the court finds that the motion in limine should be granted at this time, but, depending on the evidence, the court will revisit the issue via a timely objection a at trial.

Motions in Limine Nos. 9 & 10: The Railroad seeks to preclude testimony from undisclosed fact witnesses, Frank Vazquez and Pat Vasquez, and to preclude the plaintiff from calling John P. Holland, M.D. ("Dr. Holland") to testify and from offering deposition testimony of Dr. Holland taken in an unrelated matter. It argues the plaintiff failed to timely disclose Dr. Holland as a witness and failed to disclose his prior deposition testimony in accordance with Federal Rule of Civil Procedure 26(a) and the orders of this court. The Railroad contends that the plaintiff listed John P. Holland, M.D., as a witness for the first time on May 11, 2018, one month before the trial was then scheduled, and well after the discovery deadline. At that time, the plaintiff also designated portions of deposition testimony of Dr. Holland taken on March 28, 2017 in an unrelated matter. The Railroad states that because the plaintiff had not previously disclosed Dr. Holland as a potential witness or disclosed his prior deposition, there has

6

been no discovery with respect to Dr. Holland. It further states that the plaintiff has not propounded a justifiable excuse for plaintiff's failure to timely disclose Dr. Holland.

Under Fed. R. Civ. P. 37(c)(1), if a party fails to identify a witness as required by Rule 26, the party will not be permitted to use that witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless. *See also* Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (affirming a Rule 37 sanction based on plaintiff's unjustified and prejudicial failure to disclose evidence in compliance with Rule 26(a)). The Railroad argues that the plaintiff has not propounded a justifiable excuse for plaintiff's failure to timely disclose the Vasquezes and Dr. Holland. As noted above, if a party fails to disclose a witness, the proper remedy under the Federal Rules of Civil Procedure is to exclude the testimony of that witness. Accordingly, absent a showing that the failure to timely disclose the witnesses was substantially justified or is harmless, the court finds the motion in limine should be granted.

**II.     Plaintiff's Motions in Limine (Filing No. 94)**

Motion in Limine No. 1:  The plaintiff seeks to preclude any evidence of "job openings" that would require plaintiff to relocate from his home in Kearney, Nebraska, to obtain the job. In support of his position, he cites *Wagner v. Union Pac. R. Co.*, 642 N.W.2d 821, 846-47 (Neb. App. 2002), in which the Nebraska Court of Appeals approved a jury instruction stating that a plaintiff is not required to relocate in order to minimize his damages, for the proposition that evidence in other locales should be precluded. The defendant argues that *Wagner* does not support the weight the plaintiff gives it. The court agrees that *Wagner* does not establish as a matter of law that

evidence of jobs in other locales is per se inadmissible. Such evidence was in fact presented in *Wagner*. *Id.* at 847.

The plaintiff has not shown that the evidence of job offers or openings that would require the plaintiff to relocate from his home town is clearly inadmissible on all potential grounds. Therefore, the court finds the plaintiff's motion should be denied at this time, without prejudice to reassertion at trial. The court will entertain objections on the topic as they arise. Any evidentiary questions with respect to the issue can be handled at trial in either the jury instructions or a curative instruction.

<u>Motions in Limine Nos. 2 & 3:</u> The plaintiff seeks to exclude any mention of plaintiff's experimentation with marijuana or cocaine in high school and his use of alcohol. These motions are unopposed and will accordingly be granted.

<u>Motion in Limine No. 4</u>: The plaintiff seeks preclusion of evidence of job openings absent a showing that the plaintiff would have been hired for the jobs as speculative. The defendant argues that the evidence is relevant. It appears that the plaintiff's objections are either foundational or are properly the subject of cross examination. The objections go more to the weight than the admissibility of the evidence. Accordingly, the court finds the motion to preclude such evidence will be denied at this time, subject to reassertion via a timely objection at trial.

<u>Motion in Limine No. 5:</u> The plaintiff seeks exclusion of any expert opinion that the plaintiff is "Fit For Duty." This motion is unopposed and will be granted.

**III.** **Plaintiff's Motion to Strike the Railroad's Third Supplemental Expert Witness Disclosures ([Filing No. 103](#)).**

The plaintiff argues that a supplemental disclosure is not warranted under [Federal Rule of Civil Procedure 26(e)](Federal Rule of Civil Procedure 26(e)) if there is no change in the subject matter on which the expert will testify or in the substance of his or her testimony. He contends that the initially-disclosed expert reports of Dr. Fitzgibbons and Dr. Davis are not incomplete, incorrect, or based on new information and therefore does not require an amendment or supplementation. The court finds the plaintiff's objection should be overruled. In light of the plaintiff's admission that the supplementation does not change the substance of the testimony, the plaintiff suffers no prejudice as a result of the supplemented reports. Although the supplementation may not be required under the rules, there appears to be no harm in considering the reports.

IT IS ORDERED:

1. The parties' motions in limine (Filing Nos. 92, 94, and 106) are granted and denied as set forth in this order.

2. Plaintiff's motion to strike the Railroad's third supplemental expert witness disclosures ([Filing No. 103](Filing No. 103)) is denied.

Dated this 7th day of June, 2018.

> BY THE COURT:
> <u>s/ Joseph F. Bataillon</u>
> Senior United States District Judge